CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
09/13/2017
JULIA C. DUDLEY, CLERK
BY: s/ F. COLEMAN
      DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

CURTIS CRAIG LITTLEJOHN,

                  *Plaintiff*,

v.

CITY OF LYNCHBURG, VIRGINIA, *ET AL.*,

                  *Defendants.*

CASE NO. 6:17-cv-00029

MEMORANDUM OPINION

JUDGE NORMAN K. MOON

     This case is before the Court on Defendants' motion to dismiss or, alternatively, for summary judgment. (Dkt. 37). Plaintiff, an incarcerated individual proceeding *pro se*, initiated this case seeking a temporary restraining order ("TRO") forbidding the consummation of the alleged tax sale of his home. (Dkts. 1, 2). Construing the Complaint liberally, the Court understood it to allege that Defendants were selling Plaintiff's home and personal effects without notice, in violation of the Due Process Clause. Accordingly, on May 3, 2017, the Court granted an *ex parte* TRO. (Dkt. 15). Defendants entered an appearance the same day, and subsequently expressed a "willing[ness] to agree not to close on the sale of the subject real estate pending negotiations" with Plaintiff. (Dkt. 18). The Court accordingly extended their time to respond to the Complaint while also extending the TRO until further ordered. (Dkt. 21).

     Settlement negotiations apparently failed, giving rise to Defendants' instant motion. The Court analyzes the motion as one seeking summary judgment, as Defendants recognize they present matters outside the pleadings. (Dkt. 38 at 1). The motion is now ripe after the Court issued a *Roseboro* notice to Plaintiff, who submitted a response. (Dkts. 39, 43).

     Summary judgment is proper "if the movant shows that there is no genuine dispute as to

any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). If the evidence of a genuine issue of material fact "is merely colorable or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 250. In considering a motion for summary judgment, a court must view the record as a whole and draw all reasonable inferences in the light most favorable to the nonmoving party. *See, e.g., Celotex Corp. v. Catrett*, 477 U.S. 317, 322–24 (1986); *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994).

The undisputed facts are established by the declaration of Defendant James W. Elliot and the exhibits attached thereto. (Dkt. 38-1).[1] Elliot is an attorney who represents Defendant City of Lynchburg ("City") in delinquent real estate tax matters and tax sale litigation. After the City gave Elliot notice of delinquent taxes on the property at issue (1221 Garfield Avenue, Lynchburg, Virginia 24501), Elliot mailed notices of delinquency to the owners, Plaintiff and his wife, Nakia L. Littlejohn. (Dkt. 38-1 at ECF 4). The Littlejohns' address, as reflected in the City's records, was listed as the same as the street address for the subject property, and Elliot relied on that listing when sending the notices. (*Id*. at ECF 5). The notices demanded payment

---

[1] Plaintiff also listed as a defendant an individual named "Thomas Elliot." Initially, Plaintiff did not provide an address for this person. (Dkt. 7). In response to an order that Plaintiff provide an address for "Thomas Elliot," Plaintiff's wife (and co-owner of the real property at issue) contacted the Court to notify it that, at the time, Plaintiff could not respond to the Court's order because he was on "lockdown." (Dkt. 13). She further stated that "Thomas Elliot" could be served at the same address as James Elliot. (*Id*.). The Court thus ordered the U.S. Marshal to attempt service on Thomas Elliot, but that attempt failed. (Dkt. 31 at ECF 1). Accordingly, the claims against one "Thomas Elliot," assuming he exists, will be dismissed without prejudice for failure to timely accomplish service. The Court refers to Defendant James Elliot exclusively as "Elliot" in this opinion.

of the outstanding taxes "no later than June 30, 2016 in order to avoid legal action." (*Id.* at ECF 4).

Elliot then waited the statutorily prescribed period and, after receiving no reply from the Littlejohns, filed a civil complaint in the Lynchburg City Circuit Court on December 28, 2016 against the Littlejohns, seeking tax sale of the property. (Dkt. 38-1 at ECF 6–16). The United States of America appeared on January 31, 2017 to file a notice of disclaimer of its interest in the property. (*Id.* at 17–18). That same day, the City's Department of Billing and Collections informed Elliot that the outstanding taxes on the property were $6,395.21. (*Id.* at 19). The Littlejohns were served by posting at the subject property's address, but they did not respond to the lawsuit. *See* Va. Code Ann. § 8.01-296(2)(b); dkt. 38-1 at ECF 2 ¶¶ 6, 8.

Accordingly, on February 7, 2017, Elliot obtained a default judgment in the City's favor from the Lynchburg City Circuit Court. (Dkt. 38-1 at ECF 2, 20–21). In accordance with the judgment, Elliot advertised the property for sale at a public auction, which took place on March 20, 2017. (*Id.* at 2). However, before obtaining approval of the sale from the Lynchburg City Circuit Court and delivering the deed, Elliot received notice of this lawsuit. (*Id.*) The sale was therefore not finalized. Elliot maintains that, until he saw Plaintiff's lawsuit, he did not know the Littlejohns did not reside at the property. (*Id.*).

In light of Plaintiff's representations in his Complaint that the Litttlejohns did not receive actual notice of the sale, Elliot sought and received for the City a nonsuit dismissing the tax sale case from the Lynchburg City Circuit Court. (Dkt. 38-1 at ECF 2–3, 22). He refunded the purchase price to the highest bidder at the auction. (*Id.* at ECF 3). Additionally, Elliot "never had a key to the house located on the property, and never gave a key to the higher bidder or

anyone else," nor did he or the City's representatives give permission for anyone to enter the house or remove the personal property inside. (*Id.*).

Based on these facts, Plaintiff's claims fail. His claim for prospective relief (and the continuation of the TRO) forbidding the sale of his house must be dismissed because the tax sale case in state court has been nonsuited and the sale has been cancelled. Additionally, Plaintiff cannot establish a likelihood of success on his procedural due process claim, which requires proof of (1) a protected property interest (2) deprived by state action (3) without constitutionally adequate procedures. *Sansotta v. Town of Nags Head*, 724 F.3d 533, 540 (4th Cir. 2013). The last two elements are absent, and thus neither injunctive relief nor damages are proper.

First, Defendants have not deprived Plaintiff of his property, nor is there currently any action pending seeking to do so. *Sansotta*, 724 F.3d at 540 (finding plaintiffs due process claim failed because municipality "never deprived them" of their interests). Second, Elliot followed constitutionally adequate procedures in abiding by Virginia law on tax sales. Specifically, he sent a notice to the Littlejohns' last known address (in good faith reliance on the City's records, the accuracy of which he had no reason to doubt) and waited the statutorily mandated 30-day period before instituting a tax sale case against them. Va. Code § 58.1-3965; dkt. 38-1 at ECF 1, 4–5; *see Sansotta*, 724 F.3d at 541 (finding "legitimate government actions intended simply to enforce" ordinances did not violate due process; noting that municipal officials' actions are evaluated "based on the circumstances at the time the government acted" and are entitled to a presumption of good faith). And he instituted a proper tax sale lawsuit in state court, again effecting service at what he believed to be the Littlejohns' last known address.[2] "Due process

---

[2] Plaintiff responds that the "City of Lynchburg Court" knew he was incarcerated, attaching a letter from the state circuit court judge in an unrelated case (when the judge sat on the general district court) acknowledging that fact. (Dkt. 43-1). But the Defendants here are Elliot

– 4 –

does not require that a property owner receive actual notice before the government may take his property." *Jones v. Flowers*, 547 U.S. 220, 226 (2006).[3]

A damages claim pertaining to Plaintiff's house fails for similar reasons. Because the house was not sold, there has been no deprivation. And because Defendants made reasonable attempts to provide notice and had no reason to doubt the success of their efforts, there was not constitutionally deficient process.

Lastly, Plaintiff contends Defendants are responsible for depriving him of his personal property, which he asserts was taken from the home, placed on the street curb, and then stolen. (Dkt. 43 at ECF 1). Taking Plaintiff's statements as true, he nonetheless has failed to demonstrate that the deprivation is attributable to "state action," *i.e.*, the Defendants. Elliot denies having any knowledge of personal property being removed from the home, possessing a key to the home, or granting anyone authority to enter the home. (Dkt. 38-1 at ECF 3).

In response, Plaintiff writes in his affidavit that "the person who brought [*sic*] the house . . . states James Elliot gave him permission to" enter it and place the property curbside. (Dkt. 43 at ECF 1). Unfortunately for Plaintiff, this statement by the unnamed would-be purchaser is

---

and the City, not the state court or its judicial officers. The judge's knowledge from a prior case while sitting on a different court is not imputable to the Defendants.

[3] The touchstone inquiry is whether notice was "reasonably calculated" under the circumstances to apprise the owner of the pending action and give him an opportunity to be heard. *Id*. at 226. So when the government has reason to believe that actual notice was not received, it must take "additional reasonable steps to attempt to provide notice," if practicable. *Id*. at 225 (holding such after mailed notice of tax sale was returned unclaimed). But there is no evidence here that Defendants knew or had reason to suspect their efforts to provide notice were ineffectual. For instance, nothing in the record indicates the delinquency notices were returned to Defendants, or that Defendants knew Plaintiff was incarcerated. *See id*. at 230 (identifying precedent holding that "notice of forfeiture proceedings sent to a vehicle owner's home address was inadequate when the State knew that the property owner was in prison"); *Snider Int'l Corp. v. Town of Forest Heights, Md.*, 739 F.3d 140, 147 (4th Cir. 2014); *Plemons v. Gale*, 396 F.3d 569, 573 (4th Cir. 2005) (observing that notice is not sufficient if sender knows it failed to inform recipient).

– 5 –

hearsay excluded from consideration on summary judgment, and thus it cannot be used to create a genuine issue of material fact. Fed. R. Civ. P. 56(c); *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 962 (4th Cir. 1996) ("[S]ummary judgment affidavits cannot be . . . based upon hearsay"); *Sakaria v. Trans World Airlines*, 8 F.3d 164, 171 (4th Cir. 1993); *Md. Highways Contractors Ass'n, Inc. v. Maryland*, 933 F.2d 1246, 1251 (4th Cir. 1991).

For these reasons, Defendants' motion for summary judgment will be granted, the TRO will be dissolved, and this case will be dismissed with prejudice. An appropriate order will issue.

The Clerk is requested to send a copy of this opinion and the accompanying order to counsel of record and to Plaintiff at his address on file.

Entered this 13th day of September, 2017.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE